*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DALLIAS E. WILCOXON, also known as D. ETTA WILCOXON,

UNPUBLISHED
August 8, 2024

Plaintiff-Appellant,

v

No. 366372
Oakland Circuit Court
LC No. 2020-181011-NI

MICHAEL JAMES FLETCHER and
PROGRESSIVE MICHIGAN INSURANCE
COMPANY,

Defendants-Appellees.

Before: MARKEY, P.J., and SWARTZLE and MARIANI, JJ.

PER CURIAM.

Plaintiff, Dallias Wilcoxon, appeals by right the trial court's order granting summary disposition in favor of defendant, Progressive Michigan Insurance Company (Progressive), under MCR 2.116(C)(10). Plaintiff also appeals a series of orders with respect to her claims against defendant, Michael James Fletcher. We affirm.

## I. BACKGROUND

This action arose out of a motor-vehicle accident that occurred in June 2018. Plaintiff alleged that she was injured when a vehicle operated by Fletcher rear-ended the car that she was driving. Plaintiff was covered at the time by a no-fault insurance policy issued by Progressive. In April 2020, plaintiff filed a third-party suit against Fletcher and a first-party action against Progressive.

In mid-August 2021, plaintiff and Fletcher engaged in facilitation. On August 26, 2021, the trial court entered a stipulated order of dismissal with prejudice after plaintiff and Fletcher purportedly reached a settlement agreement. Plaintiff, however, refused to sign a release even though her counsel adamantly implored her to sign because she had agreed to the facilitated settlement amount of $32,000. On March 1, 2022, after plaintiff continued to refuse to sign the release, Fletcher moved to set aside the August 26, 2021 stipulated order of dismissal and to reinstate the case in order to enforce the settlement agreement. In the motion, Fletcher alleged that

-1-

the parties had attended facilitation with a retired judge and that "a settlement of $32,000.00 was reached." Fletcher further alleged that "[i]n the immediate case, pursuant to MCR 2.507(G), the conditions and terms of the settlement became binding as of the date of the Facilitation Recommendation through their assigned Counsels." On March 4, 2022, plaintiff, through counsel, filed a response to Fletcher's motion, simply stating that plaintiff did "not dispute the facts as stated by Defendant [Fletcher] in [his] Motion." On March 25, 2022, the trial court entered an order enforcing the settlement agreement. Plaintiff's counsel withdrew from the case, and the trial court entered an order on May 5, 2022, adjourning the dates under the scheduling order.

On July 26, 2022, plaintiff, who was now proceeding *in propria persona*, moved to set aside the August 2021 stipulated order of dismissal. Plaintiff argued that she never entered into the alleged settlement agreement with Fletcher, nor did she provide her counsel with the authority to enter into any settlement agreement. In support of the motion, plaintiff relied on MCR 2.612(C)(1)(a) (relief from judgment based on "mistake, inadvertence, surprise, or excusable neglect") and (f) (relief from judgment based on "[a]ny other reason justifying relief from the operation of the judgment") and (3) (independent action to "set aside a judgment for fraud on the court"), as well as MCR 2.507(G) (settlement agreement "is not binding unless it was made in open court, or unless evidence of the agreement is in writing, subscribed by the party against whom the agreement is offered or by that party's attorney"). On August 3, 2022, a hearing was held on plaintiff's motion, and plaintiff repeatedly contended that a fraud was perpetrated against the court because she never agreed to any settlement, yet her attorney falsely claimed that a settlement agreement had indeed been reached. The trial court denied the motion, concluding that the remedy for plaintiff's grievance was a legal malpractice action against her attorney, not an order setting aside the August 2021 stipulated order of dismissal. On August 4, 2022, the trial court entered an order denying plaintiff's motion.

On August 22, 2022, plaintiff filed a motion for reconsideration, reiterating her earlier arguments. On August 31, 2022, the trial court allowed plaintiff to orally argue her motion for reconsideration, and the court took the matter under advisement. On September 1, 2022, the trial court entered an order denying plaintiff's motion for reconsideration on the basis that the court was not convinced that its previous ruling was erroneous, nor had the court been misled.

Subsequently, on March 6, 2023, Progressive moved for summary disposition under MCR 2.116(C)(10), arguing that plaintiff had provided no proof of incurred medical expenses or replacement services connected to the automobile accident. The summary disposition motion was scheduled to be heard on May 17, 2023. In a scheduling order dated March 20, 2023, the trial court required, in part, that plaintiff file a response to Progressive's motion for summary disposition by April 19, 2023. In the scheduling order, the trial court alerted the parties as follows:

> If briefs are not filed, the Court will assume that the party is without authority for the respective positions, and will proceed with the motion accordingly. This scheduling order pertains to the above-stated motion only. . . . It is the responsibility of the moving party to notify the Court, in advance of the date scheduled, of any cancellations of the hearing. The scheduling of this matter for oral argument does not preclude the Court from waiving oral argument at a later date pursuant to applicable Michigan Court Rule.

On April 19, 2023, plaintiff, not yet having filed a response to Progressive's motion for summary disposition despite the deadline, filed a motion to stay the proceedings in lieu of filing an answer to the summary disposition motion. On May 15, 2023, the trial court denied plaintiff's motion to stay the proceedings. Undeterred, on May 16, 2023, plaintiff filed an emergency motion for an adjournment of Progressive's motion for summary disposition. But on that same date, the trial court issued an order granting the motion for summary disposition.[1] The court briefly gave an overview of the case and summarized Progressive's position. The trial court then ruled as follows: "Plaintiff has not filed a response to Defendant's motion for summary disposition and, therefore, has not demonstrated a genuine issue of material fact with respect to whether she submitted reasonable proof of her claim." This appeal ensued.

## II. ANALYSIS

On appeal, plaintiff poses numerous arguments that have no legal merit and do not warrant reversal. With respect to the action against Fletcher and the validity of the facilitated settlement agreement, MCR 2.507(G) provides:

> An agreement or consent between the parties or their attorneys respecting the proceedings in an action is not binding unless it was made in open court, or unless evidence of the agreement is in writing, subscribed by the party against whom the agreement is offered or by that party's attorney.

As indicated above, in March 2022, Fletcher moved to enforce the settlement agreement, arguing that a binding settlement agreement had been reached pursuant to which Fletcher would pay plaintiff $32,000. In her response, plaintiff, through her attorney, effectively agreed with Fletcher that a $32,000 settlement agreement had been reached; there was no dispute between the attorneys on the matter. The motion and response to the motion constituted writings, and they certainly evidenced a settlement agreement subscribed by the party's attorney against whom the agreement was offered. Moreover, in response to Fletcher's motion to enforce the settlement agreement, plaintiff had also agreed that the $32,000 settlement was binding under MCR 2.507(G). Accordingly, regardless whether the settlement agreement was actually binding under MCR 2.507(G), plaintiff waived any assertion to the contrary. See *Bates Assoc, LLC v 132 Assoc, LLC*, 290 Mich App 52, 63-64; 799 NW2d 177 (2010) ("A party may not claim as error on appeal an issue that the party deemed proper in the trial court because doing so would permit the party to harbor error as an appellate parachute."). In sum, on de novo review,[2] we conclude that MCR 2.507(G) was satisfied, thereby establishing the existence of a binding settlement agreement between plaintiff and Fletcher.

With respect to whether there was a basis for the trial court to grant relief from judgment under MCR 2.612(C), because there existed a valid, binding, and enforceable settlement agreement under MCR 2.507(G), there was no basis to set aside any judgment or order under MCR 2.612(C).

---

[1] The trial court never ruled on plaintiff's emergency motion for an adjournment.

[2] The existence of an agreement to settle a pending lawsuit constitutes a question of law subject to de novo review. *Clark v Al-Amin*, 309 Mich App 387, 394; 872 NW2d 730 (2015).

Plaintiff relies on the premise that she was entitled to relief from judgment because her attorney committed fraud by entering into a settlement agreement without her approval. But setting aside the stipulated order for dismissal or the order enforcing the settlement agreement would undo a binding settlement agreement, rendering the language of MCR 2.507(G) meaningless. Moreover, assuming fraud as plaintiff claims, because it was purportedly committed by plaintiff's counsel, who was plaintiff's representative or agent at the time, the fraud argument would be akin to arguing that the trial court should disrupt and discard its rulings on the basis of plaintiff's own fraud, as opposed to fraud committed by the adverse party. MCR 2.612(C) cannot be read to entitle a party to relief from judgment grounded on that party's own fraud, whether committed by the party or party's counsel. The proper remedy for plaintiff is, as asserted by the trial court, a legal malpractice action. See *Nelson, MD v Consumers Power Co*, 198 Mich App 82, 90; 497 NW2d 205 (1993) ("[A] third party who reaches a settlement agreement with an attorney employed to represent his client in regard to the settled claim is generally entitled to enforcement of the settlement agreement even if the attorney was acting contrary to the client's express instructions. In such a situation, the client's remedy is to sue his attorney for professional malpractice.") (quotation marks and citation omitted). The trial court did not abuse its discretion[3] by denying plaintiff's motion for relief from judgment under MCR 2.612(C).[4]

With respect to plaintiff's action against Progressive, we conclude that none of plaintiff's arguments challenging the order granting summary disposition have merit.[5] Plaintiff had every

---

[3] We review for an abuse of discretion a trial court's decision on a motion for relief from judgment. *Yee v Shiawassee Co Bd of Comm'rs*, 251 Mich App 379, 404; 651 NW2d 756 (2002).

[4] In light of our analysis and ruling, we have effectively disposed of plaintiff's argument that there was a lack of mutual assent with respect to the settlement agreement and stipulated order of dismissal. With regard to plaintiff's various arguments connected to her assertion that she was not given notice of the August 4, 2022 order denying her motion to set aside the stipulated order of dismissal, we find that any assumed error was harmless, MCR 2.613(A). Plaintiff was present at the August 3, 2022 hearing at which the trial court rendered its ruling memorialized in the August 4 order, and the trial court also entertained her August 22, 2022 motion for reconsideration, allowing plaintiff oral argument on the motion, a rarity for such motions.

[5] We review de novo a trial court's ruling on a motion for summary disposition. *In re Casey Estate*, 306 Mich App 252, 256; 856 NW2d 556 (2014). De novo review "means that we review the issues independently, with no required deference to the trial court." *People v Beck*, 504 Mich 605, 618; 939 NW2d 213 (2019). In *Anderson v Transdev Servs, Inc*, 341 Mich App 501, 506-507; 991 NW2d 230 (2022), this Court recited the principles that govern the analysis of a motion brought pursuant to MCR 2.116(C)(10):

> MCR 2.116(C)(10) provides that summary disposition is appropriate when, "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." A motion brought pursuant to MCR 2.116(C)(10) tests the factual support for

opportunity to file a response to the motion and challenge Progressive's stance. But plaintiff failed to comply with the trial court's deadline for filing a response, and the court warned the parties that it would rule against an unresponsive party and might not conduct oral argument.[6] Plaintiff waited until the day her response to the summary disposition motion was due to seek an adjournment, which the court understandably and appropriately denied. Moreover, as quoted above, "[w]hen a motion under subrule (C)(10) is made and supported . . . , an adverse party may not rest upon the mere allegations or denials of his or her pleading, but must, by affidavits or as otherwise provided in this rule, set forth specific facts showing that there is a genuine issue for trial." MCR 2.116(G)(4). Plaintiff failed to meet her burden under MCR 2.116(G)(4); therefore, we hold that the trial court did not err by summarily dismissing plaintiff's suit against Progressive. We reject plaintiff's various due-process and other arguments complaining that she had no notice that the hearing on Progressive's motion for summary disposition would not be held. By the date of the scheduled hearing, plaintiff had already lost her cause of action for failure to timely respond to the summary disposition motion as required by court order. The suit would not have been saved had

---

a party's action. "Affidavits, depositions, admissions, or other documentary evidence in support of the grounds asserted in the motion are required . . . when judgment is sought based on subrule (C)(10)," MCR 2.116(G)(3)(b), and such evidence, along with the pleadings, must be considered by the court when ruling on the (C)(10) motion, MCR 2.116(G)(5). "When a motion under subrule (C)(10) is made and supported . . ., an adverse party may not rest upon the mere allegations or denials of his or her pleading, but must, by affidavits or as otherwise provided in this rule, set forth specific facts showing that there is a genuine issue for trial." MCR 2.116(G)(4).

A trial court may grant a motion for summary disposition under MCR 2.116(C)(10) if the pleadings, affidavits, and other documentary evidence, when viewed in a light most favorable to the nonmovant, show that there is no genuine issue with respect to any material fact. A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ. The trial court is not permitted to assess credibility, weigh the evidence, or resolve factual disputes, and if material evidence conflicts, it is not appropriate to grant a motion for summary disposition under MCR 2.116(C)(10). Like the trial court's inquiry, when an appellate court reviews a motion for summary disposition, it makes all legitimate inferences in favor of the nonmoving party. Speculation is insufficient to create an issue of fact. A court may only consider substantively admissible evidence actually proffered by the parties when ruling on the motion. [Quotation marks, citations, and brackets omitted.]

---

[6] The court did not entertain oral argument, which it was fully entitled to do under the discretion granted to it under MCR 2.119(E)(3).

the hearing been conducted.  The hearing had become moot, and any notice failure was harmless, MCR 2.613(A).

We affirm.  Having fully prevailed on appeal, Fletcher and Progressive may tax costs under MCR 7.219.

/s/ Jane E. Markey
/s/ Brock A. Swartzle
/s/ Philip P. Mariani